HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARYL SCOTT,

        Plaintiff,

     v.

ROMAC INDUSTRIES,

        Defendant.

Case No. C16-1409-RAJ

ORDER

This matter comes before the Court *sua sponte*. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction over a case that has been removed to federal court, the case must be remanded. 28 U.S.C. § 1447(c). The court may raise the issue of subject matter jurisdiction *sua sponte*. *Galt G/S v. Hapag-Lloyd AG*, 60 F.3d 1370, 1373 (9th Cir. 1995). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Defendant Romac Industries ("Romac") removed this action from Snohomish County Superior Court on the basis of federal question jurisdiction. Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." According to Romac, the merits of Scott's state law claims turn on whether Romac complied with the federal Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.* Scott, however, asserts no federal claims.

ORDER – 1

The Court is not persuaded by the jurisdictional argument contained in Romac's notice of removal. "Claims brought under state law may 'arise under' federal law if vindication of the state right necessarily turns upon construction of a substantial question of federal law, *i.e.*, if federal law is a necessary element of one of the well-pleaded claims." *Ultramar Am. Ltd. v. Dwelle*, 900 F.2d 1412, 1414 (9th Cir. 1990). The Ninth Circuit's decision in *Ultramar* exemplifies this principle. In that case, plaintiff filed an action in state court, claiming that defendant had misrepresented its compliance with federal environmental statutes. *Id.* at 1413. Defendant removed the action on the basis that, although plaintiff had alleged state law claims, those claims turned on an interpretation of federal law. *Id.* The Ninth Circuit held that the district court should have remanded the case to state court. In reaching this conclusion, the Ninth Circuit reasoned that, "[a]lthough [defendant] may have violated federal environmental laws . . . in which case [plaintiff] might be entitled to relief, for every stated cause of action, an alternative theory of relief, one dependent solely upon construction of state law, might also entitle [plaintiff] to relief." *Id.* at 1414. "The fact that an alternative theory of relief exists for each claim alleged in the complaint, one not dependent upon federal law, is itself grounds to defeat federal question jurisdiction." *Id.*

For these reasons, the Court **ORDERS** Romac to **show cause** why this case should not be remanded to state court for lack of subject matter jurisdiction. Within seven (7) days from the date of this Order, Romac shall file a written response to this order not exceeding five (5) pages. If Romac fails to do so, the Court will remand this action.

DATED this 5th day of April, 2017.

The Honorable Richard A. Jones
United States District Judge

ORDER – 2